```
                    UNITED STATES DISTRICT COURT
                    NORTHERN DISTRICT OF INDIANA
                         HAMMOND DIVISION


CORNELIUS NNADI; ANN-JACQUELYNE  )
NNADI; IKE EZIFE,                )
                                 )
         Plaintiffs               )
                                 )
     v.                          )   CAUSE No. 2:09 cv 197
                                 )
MENARD, INC.,                    )
                                 )
         Defendant                )
```

## OPINION AND ORDER

This matter is before the court on the Motion for Order to Show Cause [DE 27] filed by the defendant, Menard, Inc., on January 4, 2011. For the reasons set forth below, the motion is GRANTED.

## Background

On July 6, 2009, the defendant served Interrogatories and Requests for Production upon all three plaintiffs in this action, Cornelius Nnadi, Ann-Jacquelyne Nnadi, and Ike Ezife. The plaintiffs returned their responses on August 28, 2009. The defendant, Menard, found the responses to be evasive and incomplete. After several attempts to resolve the dispute absent court intervention, Menard filed a motion to compel. The court denied the motion without prejudice at a scheduling conference, instructing the parties to resolve the matter between themselves. After several failed attempts to resolve the dispute, Menard

filed its second motion to compel.  In light of the plaintiffs' failure to respond, the motion was granted and the plaintiffs were instructed to serve Menard with complete responses within 14 days of entry of the order.  To date the plaintiffs have not complied with the court's order.  The defendant filed its motion for Federal Rule of Civil Procedure 37 sanctions on January 4, 2011.  The plaintiffs have not responded, and the time to do so has since passed.

## Discussion

Sanctions may be imposed when a party persistently fails to comply with discovery orders and "displays willfulness, bad faith or fault" in doing so.  Rule 37(b)(2)(A); Crabtree v. National Steel Corp., 261 F.3d 715, 720 (7th Cir. 2001).  The court may sanction the disobedient party by a number of methods, including:

> (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
>
> (iii) striking pleadings in whole or in part;
>
> (iv) staying further proceedings until the order is obeyed;
>
> (v) dismissing the action or proceeding in whole or in part; . . .
>
> Rule 37(b)(2)(A)

"When one party fails to comply with a court's pre-hearing order without justifiable excuse, thus frustrating the purposes of the

pre-hearing order, the court is certainly within its authority to prohibit that party from introducing witnesses or evidence as a sanction," particularly when the record is devoid of any attempt to comply with the court's order.  Matter of Maurice, 21 F.3d 767, 773 (7th Cir. 1994).

The plaintiffs' repeated failure to resolve the discovery issues without court intervention, to respond to the defendant's motions, and to comply with the court's order on Mendard's motion to compel, displays bad faith and a pattern of dilatory tactics and contumacious conduct of the type that warrants sanctions. Although Menard requests a wide range of sanctions, the court finds that the appropriate sanction is to prohibit the plaintiffs from introducing evidence of present and future lost wages, lost earning capacity, medical expenses in excess of $2,600, and job duties, as the plaintiffs failed to provide this information in their responses to Menard's Interrogatories despite Menard's request and the court's order to comply.

_____

Based on the foregoing reason, the Motion for Order to Show Cause [DE 27] filed by the defendant, Menard, Inc., on January 4, 2011, is GRANTED.

ENTERED this 11th day of February, 2011

                                        s/ ANDREW P. RODOVICH
                                           United States Magistrate Judge