UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| CORNELIUS NNADI, ANN-JACQUELYNE NNADI, and IKE EFIZE )<br>Plaintiffs, )<br>)<br>v.                                                        )<br>)<br>MENARD, INC.,                                        )<br>Defendant.                             ) | No. 2:09-cv-197 |

**OPINION AND ORDER**

On July 10, 2009, this matter was removed from the Lake County, Indiana Superior Court to the United States District Court for the Northern District of Indiana, Hammond Division [DE 2]. Defendant Menard, Inc. removed the case pursuant to 28 U.S.C. § 1441, alleging that the District Court would have had original jurisdiction under 28 U.S.C. § 1332(a).[1] The parties are of diverse citizenship: Plaintiffs Nnadi, Efize, and Nnadi are citizens of Indiana, and Menard's is a citizen of Wisconsin [DE 2 at ¶ 6]. Generally speaking, the Complaint alleges injuries sustained by the Plaintiffs while shopping at a local Menard's store.

In its Notice of Removal, Menard's did not provide competent proof that the amount in controversy met the jurisdictional threshold, and when the case was transferred to me for disposition, I ordered Menard's, as the proponent of federal jurisdiction, to demonstrate the factual basis for its belief that the Plaintiffs' claims satisfied the jurisdictional amount [DE 52]. In compliance with my Order, Menard's filed its Memorandum of Law supporting Subject

---

[1] A district court has subject matter jurisdiction over "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs and is between ... citizens of different states." 28 U.S.C. § 1332(a).

Matter Jurisdiction on December 6, 2011 [DE 56], but the Plaintiffs failed to respond. On March 12, 2012, I ordered the Plaintiffs to respond to Menard's Memorandum, and warned them that failure to do so could result in dismissal of the case [DE 62]. Plaintiffs finally responded on March 19, 2012, after the case had been pending in federal court for nearly three years, objected to subject matter jurisdiction for the very first time [DE 63]. The Plaintiffs were likely motivated to take that position by some severe sanctions leveled against them by Magistrate Judge Rodovich for dilatory discovery practices, but more on that in a moment. I find that the amount in controversy exceeds the jurisdictional amount and confirm that I have subject matter jurisdiction in this case.

## DISCUSSION

The proponent of federal jurisdiction (here, Menard's) bears the burden of proving that a claim meets the jurisdictional amount. *Meridian Sec. Ins. Co. v. Sadowski*, 441 F.3d 536, 541 (7th Cir. 2006). The burden is low: the party must merely establish a "reasonable probability" that the amount in controversy, or the amount that the plaintiff hopes to get out of the litigation, exceeds $75,000.00. *Rising-Moore v. Red Roof Inns, Inc.*, 435 F.3d 813, 815-16 (7th Cir. 2006). Once the proponent of jurisdiction has presented facts demonstrating that the amount in controversy exceeds the jurisdictional amount, "the proponent's estimate of the claim's value must be accepted unless there is a 'legal certainty' that the controversy's value is below the threshold." *Meridian*, 441 F.3d at 541.

The Seventh Circuit has held that settlement demands can establish the jurisdictional amount. *Rising-Moore*, 435 F.3d at 816. In *Rising-Moore*, the plaintiff's lawyer "revealed" what he thought the plaintiff's loss amounted to by making a settlement demand of $160,000, which the Court likened to a demand for damages in the complaint. *Id.* at 816. In that case, the

settlement demand, combined with the plaintiff's allegation of permanent injuries, sufficed to establish that the jurisdictional amount had been met [*Id.* at 815-16].

Like the Plaintiff in *Rising-Moore*, Mr. Nnadi made a $185,000 settlement demand prior to filing suit [DE 56 at 4; DE 66 at 1; DE 66-1]. The settlement demand appears to have been made solely on his behalf. [DE 66-1]. But that is neither here nor there because "when one named plaintiff meets the minimum amount-in-controversy threshold, a district court may exercise supplemental jurisdiction under 28 U.S.C. § 1367(a) over the remaining plaintiffs' claims, even if their individual claims do not exceed that amount." *Hawkins v. Aid Ass'n. for Lutherans*, 338 F.3d 801, 805 (7th Cir. 2003); *see also* 14AA Wright *et al.*, Fed. Prac. & Proc. Civ. 3d § 3704 (3d ed. 2007) ("...when there is complete diversity of citizenship and at least one named plaintiff's claim satisfies the amount in controversy...a district court may exercise supplemental jurisdiction over the jurisdictionally insufficient claims of any other plaintiff with regard to . . . the same 'case or controversy'"). Here, I find that the settlement offer of $185,000 clearly establishes that at least Mr. Nnadi has met the jurisdictional threshold. Additionally, Mr. Nnadi and Mr. Efize have both alleged that they have incurred permanent injuries (in Mr. Nnadi's case, requiring surgery), pain, continuing pain and mental anguish, medical expenses, and lost wages [DE 1 at ¶¶ 5-8]. Thus, Mr. Nnadi's claims satisfy the jurisdictional amount, and that it is appropriate to exercise supplemental jurisdiction over the claims of the other plaintiffs, whose claims clearly arise from the same case or controversy as Mr. Nnadi's.

As mentioned above, Plaintiffs failed to comport themselves particularly well during discovery. After several rounds of motions before Magistrate Judge Rodovich, he ultimately issued an order sanctioning the Plaintiffs for their failure to cooperate in discovery and limiting recovery to $2,600 [DE 37 at 3]. But post removal high jinks don't effect jurisdiction because

jurisdiction depends "on the amount that was in controversy when the federal suit began." *Meridian Sec.,* 441 F.3d at 538.  Specifically, the amount in controversy is "the amount required to satisfy the plaintiff's demands in full . . . on the day the suit was removed." *Oshana v. Coca-Cola Co.*, 472 F.3d 506, 510-11 (7th Cir. 2006).  "Events occurring subsequent to the institution of suit which reduce the amount recoverable below the statutory limit do not oust jurisdiction." *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289-290 (1938).  Thus, the question here is whether, at the time of removal, the controversy exceeded $75,000, because even though "the plaintiff, after removal . . . reduces the claim below the requisite amount, this does not deprive the court of jurisdiction." *St. Paul Mercury*, 303 U.S. at 292.

In this case, at the time of removal, the amount of money put "in controversy" was, by virtue of the $185,000 settlement demand and the allegations of permanent injury, more than $75,000, and so removal at that time was proper.  The post-removal events in discovery are not sufficient to divest federal jurisdiction, because at the time the case was removed, federal jurisdiction was proper, and there "is no reason to believe *on the day the case was removed* that it was *legally impossible* for [the Plaintiffs] to recover more than $75,000." *Oshana*, 472 F.3d at 513.

## CONCLUSION

Menard's has proven that the amount in controversy has been satisfied, and I therefore confirm that subject matter jurisdiction exists in this case.

**SO ORDERED.**

ENTERED: April 13, 2012                    s/ Philip P. Simon
                                           PHILIP P. SIMON, CHIEF JUDGE
                                           UNITED STATES DISTRICT COURT