```
                    UNITED STATES DISTRICT COURT
                    NORTHERN DISTRICT OF INDIANA
                          HAMMOND DIVISION
```

CORNELIUS NNADI; ANN-JACQUELYNE )
NNADI; IKE EZIFE,               )
                                )
         Plaintiffs             )
                                )
      v.                        )  CAUSE No. 2:09 cv 197
                                )
MENARD, INC.,                   )
                                )
         Defendant              )

OPINION AND ORDER

This matter is before the court on the Motion to Clarify the Court's Order of February 11, 2011 [DE 68], filed by the defendant, Menard, Inc., on April 25, 2012. The court **AMENDS** its February 11, 2011 Opinion and Order as follows.

Background

On July 6, 2009, the defendant, Menard, Inc., served Interrogatories and Requests for Production upon all three plaintiffs in this action, Cornelius Nnadi, Ann-Jacquelyne Nnadi, and Ike Ezife. The plaintiffs returned their responses on August 28, 2009. Menard found Ezife's responses to be evasive and incomplete. After several attempts to resolve the dispute amicably, Menard filed a motion to compel. The court denied the motion without prejudice at a scheduling conference, instructing the parties to resolve the matter between themselves. After several failed attempts to resolve the dispute, Menard filed its second

motion to compel. Menard complained that Ezife failed to provide complete and unevasive responses, making it difficult for Menard to prepare a defense. In light of the plaintiffs' failure to respond, the motion was granted and the plaintiffs were instructed to serve Menard with complete responses within 14 days of entry of the order.

The plaintiffs did not comply with the court's order, and the defendant moved for sanctions. The plaintiffs did not respond to the defendant's motion for sanctions. On February 11, 2011, the court granted the defendant's motion and ordered that "the appropriate sanction is to prohibit the plaintiffs from introducing evidence of present and future lost wages, lost earning capacity, medical expenses in excess of $2,600, and job duties, as the plaintiffs failed to provide this information in their responses to Menard's Interrogatories despite Menard's request and the court's order to comply." The defendants now request clarification of whether the sanctions were imposed against all plaintiffs or solely Ezife.

## Discussion

In its motion for sanctions, Menard stated that it served discovery requests on each plaintiff. However, Menard only complained that Ezife's answers were insufficient and that Ezife had engaged in a pattern of contumacious behavior deserving of

2

sanctions.  Menard did not complain of the behavior of Cornelius or Ann-Jacquelyne Nnadi.  Additionally, Menard requested dismissal of Ezife's claim only and did not request similar relief with regard to the other plaintiffs' claims.

In its Opinion and Order, the court inadvertently stated that the "plaintiffs" failed to provide the requested information and restricted the evidence the "plaintiffs" could present.  It was not until Menard filed its motion for clarification that it first complained of the actions of Cornelius and Ann-Jacquelyne Nnadi during the course of discovery.  However, the Nnadis did not refuse to cooperate to the same extent as Ezife.  Cornelius provided a list of medical expenses totaling $12,919.40 on August 28, 2009, and there is no record that either Cornelius or Ann-Jacquelyne refused to provide answers to the discovery requests they were individually served.  Because of this, the court will not punish the Nnadis for Ezife's unwillingness to cooperate.  The court **AMENDS** its February 11, 2011 Opinion and Order to limit the sanctions to Ezife.  Cornelius and Ann-Jacquelyne may proceed to introduce evidence to show present and future lost wages, loss of earning capacity, medical expenses in excess of $2,6000, and job duties consistent with the information they provided in a timely fashion during discovery.

ENTERED this 20th day of July, 2012

                                      s/ ANDREW P. RODOVICH
                                          United States Magistrate Judge